UNITED STATES of America,
Plaintiff–Appellee,

v.

James Ronson TAYLOR; Jamel Earleen White Taylor, Claimants–Appellants,

and

$61,433.04 U.S. Currency; One Tract of Real Property (Consisting of Two Lots) Located In Wilson County, Wilson Creek Township, Having the Street Address of 1699 Bynwood Circle, Wilson, North Carolina, and Being More Particularly Described In a Deed Book Recorded In Book 1336, Page 902 of the Wilson County Registry, and Being Titled In the Names of James Ronson Taylor and Wife, Jamel Earleen White Taylor, with all appurtenances and improvements thereon, and any and all proceedings from the sale of said property, Defendants.

No. 93–1470.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 25, 1993.

Decided Jan. 6, 1994.

---

John Addison Shorter, Jr., Shorter & Perazich, Washington, DC, argued (John Copeland, Jr., Wilson, NC, on brief), for claimants-appellants.

Thomas Philip Swaim, Asst. U.S. Atty., Raleigh, NC, argued (James R. Dedrick, U.S. Atty., on brief), for plaintiff-appellee.

Before RUSSELL and WILKINS, Circuit Judges, and SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

WILKINS, Circuit Judge:

The United States brought this in rem civil forfeiture action pursuant to 18 U.S.C.A. § 981 (West Supp.1993) and 18 U.S.C.A. § 1955(d) (West 1984) against $61,433.04 in United States currency and a tract of real estate titled in the names of James Ronson Taylor and Jamel Earleen White Taylor, alleging that these properties were used or involved in illegal gambling. In support of its motion for summary judgment, the Government offered United States currency and gambling paraphernalia seized during a warrantless search of the Taylors' residence. The Taylors contended that this evidence should have been suppressed because it was obtained in violation of their Fourth Amendment rights. Because conflicting versions of material facts surrounding the search and seizure were presented in affidavits offered by the Government and the Taylors, the district court erred in failing to conduct an evidentiary hearing prior to determining whether the evidence was lawfully seized. In addition, the district court failed to address the Eighth Amendment proportionality defenses raised by the Taylors prior to granting summary judgment in favor of the Government. Consequently, we vacate and remand for the district court to conduct proceedings consistent with this opinion.

## I.

Pursuant to a state court order, a North Carolina highway patrol trooper and a local sheriff's deputy went to the Taylors' residence to return a firearm that previously had been confiscated. According to affidavits submitted by the Government, the following events then transpired. As the officers approached the front porch of the Taylors' resi-

dence, they observed through a window adjacent to the front door two males sitting at a dining room table. The officers knocked on the Taylors' front door, and when Mr. Taylor answered, they announced the reason for their visit and requested permission to enter the home so that he could sign a release form. Mr. Taylor became agitated and immediately closed and locked the door. Hearing hushed voices and hurried movements inside, one of the officers looked into the same window through which the two individuals had been observed earlier. The officer saw stacks of United States currency and a sandwich bag containing white cocaine-like powder on the dining room table. Moments later someone suddenly closed the window blinds. After several minutes, Mr. Taylor opened the door again. Believing that a drug transaction was in progress, and through the opened door observing a pistol on the floor of the dining room, the officers forcibly entered the Taylors' home. A search of the dining room resulted in the seizure of currency and assorted gambling paraphernalia (lottery tickets, a ledger book, adding machine tape, summary sheets, etc.).[1]

The Taylors' affidavits offered a different version. According to their affidavits, Mr. Taylor was surprised to see the officers and asked them to remain on his front porch while he secured his pet rottweiler.

The officers immediately began to pound on his front door and demand entry. When he opened the door the second time, the officers forced their way into the house. The Taylors maintain that there was never any white powder on the table. Further, the Taylors' affidavits allege that the window blinds through which the officer claimed to have looked into the home were closed at all times and at best allowed only limited observation.

## II.

The United States brought this action seeking the civil forfeiture of the Taylors'

residence and the $61,433.04 recovered during the search, claiming that the gambling paraphernalia and currency seized from the dining room of the Taylors' home documented an illegal gambling business. The Taylors answered, asserting that there was no probable cause for the forfeiture of the currency or real estate, that 18 U.S.C.A. § 1955(d) does not authorize the forfeiture of real estate, and that the Eighth Amendment ban on excessive fines precludes forfeiture of their real estate. The Government moved for summary judgment, maintaining that probable cause for the forfeiture existed because the items seized in the Taylors' dining room demonstrated that the currency and real estate were used or involved in illegal gambling activity. The Taylors responded by filing a motion, supported by affidavits, to suppress the gambling paraphernalia and currency seized from their residence. The Taylors asserted that without this evidence the Government could not carry its burden of establishing probable cause for the forfeiture. On the basis of the affidavits submitted by the Government and the Taylors, and without conducting an evidentiary hearing to resolve the factual issues presented with respect to suppression, the district court denied the Taylors' motion to suppress and granted summary judgment in favor of the Government.

## III.

The Taylors correctly maintain that evidence obtained in violation of the Fourth Amendment must be excluded from a civil forfeiture proceeding. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 696–702, 85 S.Ct. 1246, 1248–1252, 14 L.Ed.2d 170 (1965). On this basis, the Taylors contend that the evidence seized during the search of their home should be excluded because the officer's warrantless observations through their dining room window constituted an unreasonable intrusion into an area in which they held a reasonable expectation of privacy. In addition, the Taylors

1. A sandwich bag containing white cocaine-like powder was not found during the search.

maintain that even if the officer's action of looking into the dining room window were proper, there was no white powder on the table for him to have seen and, thus, exigent circumstances were not present to justify the warrantless entry into their home. The Government counters by pointing to the officers' affidavits, which it contends support a finding that, because their window blinds were open, the Taylors had no reasonable expectation of privacy in objects in plain view in the dining room, *see United States v. Bellina*, 665 F.2d 1335, 1341–42 (4th Cir.1981) (no legitimate expectation of privacy within meaning of Fourth Amendment when an object is exposed to plain view, even in a person's own home). The Government also urges the finding that the officer's observation of white cocaine-like powder provided exigent circumstances justifying the warrantless entry into the Taylors' home, *see United States v. Turner*, 650 F.2d 526, 528 (4th Cir.1981) (warrantless entry into residence justified when officers have probable cause to believe contraband is present that may be destroyed or removed before a warrant can be obtained).[2]

■ When material facts that affect the resolution of a motion to suppress evidence seized during a warrantless search are in conflict, the appropriate way to resolve the conflict is by holding an evidentiary hearing after which the district court will be in a position to make findings. *See United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991). Here, the Government's affidavits state that one of the officers observed through a window white cocaine-like powder on the Taylors' dining room table in plain view. The Taylors' affidavits directly contradict this critical assertion. In its order the district court apparently made a credibility determination and resolved conflicting positions in favor of the Government. It found that the actions of the officers were proper and that probable cause and exigent circumstances existed to justify the warrantless entry into the Taylors' residence. Central to this conclusion was the finding of the district court that white cocaine-like powder was observed on the dining room table, a position directly in conflict with the one taken by the Taylors. Because the district court did not conduct an evidentiary hearing to resolve the material factual disputes, we vacate and remand to give the district court an opportunity to do so. After the district court conducts this hearing and makes appropriate findings of fact, it should then address the Government's motion for summary judgment.[3]

### IV.

■ The Taylors further contend that the forfeiture of their real estate is barred by the Eighth Amendment ban on excessive fines because it would result in a disproportionate penalty. In *Austin v. United States*, —— U.S. ——, —— ——, 113 S.Ct. 2801, 2810–12, 125 L.Ed.2d 488 (1993), the Supreme Court held that the Eighth Amendment ban on excessive fines applies to in rem civil forfeiture actions brought pursuant to 21 U.S.C.A. § 881 (West 1981 & Supp.1993), which provides for the forfeiture of property used to facilitate drug-related crimes. In reaching this conclusion, the Court noted that historically civil forfeiture of property

---

**2.** The Government also maintained that the search and seizure was undertaken pursuant to a voluntary and knowing consent by the Taylors. The district court did not address this issue, and apparently the Government has abandoned it on appeal.

**3.** After ruling on the Taylors' motion to suppress, the district court struck the Taylors' affidavits, finding that the Taylors could not "use them to create an issue of fact to thwart summary judgment when they invoked their Fifth Amendment right not to incriminate themselves during a deposition. *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir.1991)." The Taylors contend that the procedure followed by the district court violated their Fifth Amendment privilege against self-incrimination. We need not address this question because these affidavits do not set forth evidence that could raise a genuine issue of material fact sufficient to defeat summary judgment; they raise no defense to the Government's showing of probable cause and are relevant only as to the appropriateness of the warrantless entry and subsequent search and seizure. Indeed, the Taylors concede that these affidavits are "entirely remote from any purpose related to summary judgment issues."

"serve[d], at least in part, to punish the owner." *Austin,* —— U.S. at ——, 113 S.Ct. at 2810. Moreover, the Court reasoned that Congress evinced an intent that forfeiture under § 881 serve a punitive purpose by "t[ying] forfeiture directly to the commission of drug offenses" and through express statements in the legislative history accompanying enactment of § 881. *Id.* —— U.S. at ——, 113 S.Ct. at 2811. Here, Congress has evinced an intent that forfeiture under 18 U.S.C.A. § 981 and 18 U.S.C.A. § 1955 serve a punitive purpose by providing for the forfeiture of property used in violation of the provisions of § 1955 or involved in the criminal conduct referenced in § 981. We conclude that the reasoning of *Austin* is equally applicable to forfeiture actions pursued by the Government under §§ 981 and 1955(d) and that the Excessive Fines Clause of the Eighth Amendment is implicated in this action against the Taylors' property. Because the district court did not address whether forfeiture of the Taylors' residence would be excessive, we remand for the district court to undertake this analysis in the first instance. *See id.* —— U.S. at ——, 113 S.Ct. at 2812 (lower court should consider in first instance whether "forfeiture is constitutionally 'excessive' ").[4]

## V.

■ The Taylors also assert that 18 U.S.C.A. § 1955(d) does not authorize the forfeiture of real estate. Section 1955(d) provides for the forfeiture of "any property" used in an illegal gambling business within the meaning of § 1955. Every circuit court of appeals that has addressed this issue has concluded that § 1955(d) authorizes the forfeiture of real estate. *See United States v. Premises Located at Route 13,* 946 F.2d 749, 753 (11th Cir.1991); *United States v. On*

*Leong Chinese Merchants Ass'n Bldg.,* 918 F.2d 1289, 1297 (7th Cir.1990), *cert. denied,* —— U.S. ——, .112 S.Ct. 52, 116 L.Ed.2d 29 (1991); *United States v. South Half of Lot 7 & Lot 8,* 910 F.2d 488, 491 (8th Cir.1990) (en banc), *cert. denied,* 499 U.S. 936, 111 S.Ct. 1389, 113 L.Ed.2d 445 (1991); *United States v. 614 Portland Ave.,* 846 F.2d 166, 167 (2d Cir.1988) (per curiam) (affirming and adopting the reasoning in *United States v. 614 Portland Ave.,* 670 F.Supp. 475, 476–78 (W.D.N.Y.1987)). We agree and hold that the unambiguous meaning of the words "any property" includes real property.

## VI.

While it is apparent that the district court gave this matter exhaustive consideration, the necessity for holding an evidentiary hearing is inescapable. Consequently, we vacate the grant of summary judgment in favor of the United States and remand to the district court for an evidentiary hearing on the Taylors' motion to suppress. In the event the motion is denied, before forfeiture may be ordered, the district court should address the Taylors' Eighth Amendment arguments in a manner consistent with this opinion.

*VACATED AND REMANDED.*

---

4. Of course, if the district court determines on remand that suppression of the evidence seized in the search of the Taylors' home is appropriate, the court would not reach this question.