USA v. Lot 3, Marcus Estate          CV-91-391-M    05/09/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


United States of America,
     Plaintiff,

     v.                                       Civil No. 91-391-M

A Certain Parcel of Land Known as
Lot 3 of the Subdivision of Land,
Estate of Marion Brown Marcus,
Located on Long Island,
Moultonboro, New Hampshire,
     Defendant.

                          O R D E R


     Plaintiff, the United States, brought a complaint in rem to

forfeit and to condemn the defendant parcel of property under 18

U.S.C. § 981(a)(1)(A), alleging that the property was involved in

or is traceable to a violation of 31 U.S.C. §§ 5313(a) and 5324.

The magistrate judge and this court (Loughlin, J.) determined

that the government had the requisite probable cause to bring its

in rem civil forfeiture action.  Claimants, Francis and Cynthia

Holland, now move to dismiss, arguing that the government must

prove, but has not alleged, that they wilfully violated 31 U.S.C.

§ 5324.  For the reasons discussed below, claimants' motion is

denied.

# I. DISCUSSION

## A. Statutory Framework

In 1991 the government brought this action under 18 U.S.C. § 981 seeking to forfeit property owned by the claimants and allegedly involved in monetary transactions that violated 31 U.S.C. § 5324. In order to understand claimants' motion to dismiss, a brief overview of the relevant statutory provisions is helpful.[1]

The main currency reporting statute, 31 U.S.C. § 5313, requires domestic financial institutions to file a currency transaction report ("CTR") with the Secretary of the Treasury whenever the institution is involved in a currency transaction in an amount in excess of $10,000. 31 U.S.C. § 5313(a) (1991); 31 C.F.R. § 103.22(a)(1). A related statute, 31 U.S.C. § 5324(3), directly implicated here, prohibits individual persons from structuring their transactions with financial institutions for the purpose of evading the reporting requirements of section 5313.[2] In other words, an individual may not segment a large sum

_____

[1] Because this action was instituted in 1991, the parties agree that the statutory provisions in effect in 1991 are applicable.

[2] 31 U.S.C. § 5324 reads in full:
No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such

2

of money into several transactions of less than $10,000 in order to cause a bank to avoid filing a CTR.

Congress provided three separate mechanisms through which the government may enforce the requirements of 31 U.S.C § 5324 against individuals.  First, under 31 U.S.C. § 5322, the government may impose criminal penalties upon "[a] person willfully violating this subchapter."  31 U.S.C. § 5322(a) (1991) (emphasis added).  Second, under 31 U.S.C. § 5321(a)(4), the government "may impose a civil money penalty on any person who willfully violates any provision of section 5324.  31 U.S.C. § 5321(a)(4) (1991) (emphasis added).  Finally, under 18 U.S.C. § 981 the government may seek civil forfeiture of "[a]ny property, real or personal, involved in a transaction . . . in violation of section . . . 5324 of title 31 . . . or any property traceable to such property."  18 U.S.C. § 981(a)(1)(A) (1981).

_____

transaction --
        (1) cause or attempt to cause a domestic financial
        institution to fail to file a report required under
        section 5313(a);
        (2) cause or attempt to cause a domestic financial
        institution to file a report required under section
        5313(a) that contains a material omission or
        misstatement of fact; or
        (3) structure or assist in structuring, or attempt to
        structure or assist in structuring, any transaction
        with one or more domestic financial institutions.
31 U.S.C. § 5324 (1991).

3

Here, the government has chosen the third route, seeking forfeiture under 18 U.S.C. § 981. Specifically, the government alleges that claimants purchased the targeted property by segmenting $130,000 into several cash payments of less than $10,000 in order to avoid the reporting requirements of 31 U.S.C. § 5313(a). Claimants now move to dismiss, arguing that the government must prove, but has not alleged, that claimants "willfully" violated 31 U.S.C. § 5324.

**B. Willfulness**

In Ratzlaf v. United States, 114 S. Ct. 655 (1994), the Supreme Court held that Congress' use of "willfully" in 31 U.S.C. § 5322(a) requires the government to prove that a criminal defendant charged under that statute "knew the structuring in which he engaged was unlawful" under 31 U.S.C. § 5324. Ratzlaf, 114 S. Ct. at 663. Absent evidence to the contrary, Congress' use of "willfully" in 31 U.S.C. § 5321(a)(4) requires the government to prove the same high level of intent in order to impose a civil money penalty on a person who violates section 5324. Ratzlaf, 114 S. Ct. at 660 ("A term appearing in several places in a statutory text is generally read the same way each time it appears.").

4

In short, in order to impose criminal or civil money sanctions on a defendant, the government must prove more than that the defendant structured a transaction for the purpose of causing a financial institution not to file a CTR as required by 31 U.S.C. § 5313(a). Rather, the government must show that the defendant knew that his or her structuring was itself illegal under 31 U.S.C. § 5324. Ignorance of the law _is_ an excuse for a defendant in an action instituted under section 5321 or 5322. _Ratzlaf_, 114 S. Ct. at 663.

In contrast to sections 5321 and 5322, both of which explicitly state that a defendant must "willfully" violate section 5324, 18 U.S.C. § 981 allows the government to seek civil forfeiture of any property involved in or traceable to a "transaction in violation of section . . . 5324." 18 U.S.C. § 981(a)(1)(A). By its terms, then, section 981 does not contain a willfulness requirement.

Despite the lack of an explicit willfulness requirement in section 981, claimants urge this court to read a heightened mens rea requirement into the statute and require the government to show that they violated their known legal duty not to structure currency transactions. As noted above, claimants' request is directly at odds with the language of the section 981, which does

5

not make knowledge of the duties imposed by section 5324 a prerequisite to forfeiture. The rule that ignorance of the law is no excuse is "`deeply rooted in the American legal system,' and exceptions to it must not be casually created." United States v. Rogers, 962 F.2d 342, 344 (4th Cir. 1992) (quoting Cheek v. United States, 498 U.S. 192 (1991)). Congress must express its intent to depart from this time-honored rule. Ratzlaf, 114 S. Ct. at 662-63. Here, Congress has indicated no such intent in the language of 18 U.S.C. § 981.

Claimants' proposed construction of 18 U.S.C. § 981(a)(1)(A) also directly contradicts the Supreme Court's interpretation of that statute. In Ratzlaf, the Court noted, "Had Congress wished to dispense with the [heightened willfulness] requirement, it could have furnished the appropriate instruction." Id. at 662. For instance, "Congress did provide for civil forfeiture without any `willfulness' requirement in the Money Laundering Control Act of 1986. See 18 U.S.C. § 981(a) (subjecting to forfeiture `any property, real or personal, involved in a transaction . . . in violation of section 5313(a) or 5324(a) or title 31 . . .') . . . ." Id. at 662 n.16. While this interpretation of section 981 by the Supreme Court is dicta, it provides strong support for this court's conclusion that the government need not show that the

6

claimants violated a known legal duty in order to subject their property to forfeiture under 18 U.S.C. § 981.

The court is cognizant of the disproportionately harsh results that could flow from such an interpretation. In order to impose a civil money penalty, which may not exceed the amount of currency involved in the structured transaction, see 31 U.S.C. § 5321(a)(4)(B), the government must prove a willful violation of section 5324. In this case, for example, the maximum civil money penalty would be $130,000. But in order to obtain forfeiture of all property traceable to a structured transaction, here property valued at $235,000, the government need not prove willfulness. Through civil in rem forfeiture, the government, can, in effect, take more from the claimants by proving less.[3] Despite this anomaly, Congress' expression of its intent and the Supreme Court's apparent interpretation of that intent dictate the result in this case. Claimants' motion to dismiss must be denied.

---

[3] The court does note, however, that in rem civil forfeiture under 18 U.S.C. § 981(a)(1)(A) may be subject to the Eighth Amendment's Excessive Fines Clause. See Austin v. United States, 509 U.S. 602 (1993); United States v. Taylor, 13 F.3d 786, 789 (4th Cir. 1994).

## II. CONCLUSION

The government need not allege or prove that claimants willfully violated 31 U.S.C. § 5324 in order to seek forfeiture of claimants' property under 18 U.S.C. § 981(a)(1)(A). Therefore, claimants' motion to dismiss must be denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

May 9, 1996

cc:  David L. Broderick, Esq.
     Charles R. Parrott, Esq.

8