**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4343**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND ALAN GRIFFIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00096-BO-1)

Submitted:  April 27, 2020                    Decided:  April 30, 2020

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Alan Griffin appeals his jury conviction for bank robbery, in violation of 18 U.S.C. § 2113(a) (2018). Griffin first asserts that the district court erred when it denied his motion to suppress evidence seized by police on the day of his arrest without first conducting an evidentiary hearing. Griffin also argues that it was error for the district court to deny his motion for judgment of acquittal because he asserts there was insufficient evidence to establish beyond a reasonable doubt: (1) that he was the person who committed the robbery; and (2) the intimidation element necessary for a bank robbery conviction under § 2113(a).[1] We reject Griffin's arguments and affirm.

First, an evidentiary hearing is not always required to resolve a motion to suppress. *See* Fed. R. Crim. P. 12(c) (reflecting that a district court "may" schedule a motion hearing to resolve a pretrial motion). Admittedly, "[w]hen material facts that affect the resolution of a motion to suppress evidence . . . are in conflict, the appropriate way to resolve the conflict is by holding an evidentiary hearing after which the district court will be in a position to make findings." *United States v. Taylor*, 13 F.3d 786, 789 (4th Cir. 1994). Accordingly, reversible error occurs if, in denying a motion to suppress, a district court makes credibility determinations based solely on conflicting affidavits and "resolve[s] conflicting positions in favor of the Government." *Id.* (directing that an evidentiary hearing

---

[1] Griffin has also filed a motion to file a pro se supplemental brief. Because Griffin is represented by counsel and this appeal is not submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967), that motion is denied.

be conducted on remand where the district court made a credibility determination to resolve the motion to suppress).

While we generally conduct a de novo review of a district court's legal conclusions made in denying a motion to suppress and review its factual findings for clear error, *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019), a district court's decision whether to hold an evidentiary hearing before ruling on a motion to suppress is reviewed for an abuse of discretion. *See United States v. Cintron*, 724 F.3d 32, 36 (1st Cir. 2013). In this regard, a hearing is required only if the motion to suppress is "sufficiently definite, specific, detailed, and non-conjectural" to enable a district court to conclude that contested issues of fact going to the validity of the search are in question. *United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993) (internal quotation marks omitted); *see United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("Factual allegations set forth in the defendant's motion [to suppress], including any accompanying affidavits, must be sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." (internal quotation marks omitted)).

We find that Griffin's motion fell short of being "sufficiently definite, specific, detailed, and non-conjectural" to suggest that an evidentiary hearing was required. *Unimex*, 991 F.2d at 551. Notably, the issues Griffin asserts were "contested"—and, thus, required an evidentiary hearing to resolve—were either immaterial to the court's suppression decision or were not "contested" at all. Contrary to Griffin's argument that an evidentiary hearing was required before the district court could rule on the suppression motion, we find that the narrative Griffin provided in his motion to suppress about how his

3

detention and arrest unfolded actually paralleled what was described in and corroborated by the discovery Griffin attached to the motion.[2] We thus discern no abuse its discretion in the district court's decision to rule on Griffin's motion to suppress without first conducting an evidentiary hearing.

We next review de novo the district court's decision to deny Griffin's motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports the verdict. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). In reviewing the Government's evidence, we must ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). During this inquiry, we may not "assess witness credibility," however, and must "assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge must overcome a heavy burden" as reversal is "confined to cases where the prosecution's failure is clear[.]" *United States v. Palomino-Coronado*, 805 F.3d

---

[2] We have nonetheless expressly recognized that we may consider evidence presented at trial and sentencing when reviewing a district court's suppression ruling. *See United States v. Gray*, 491 F.3d 138, 147-51 (4th Cir. 2007) (reaffirming "that when later proceedings confirm the correctness of the district court's findings, we can affirm a pre-trial suppression ruling based on such evidence"). In this regard, we find that the factual findings the district court made when it denied Griffin's suppression motion were fully confirmed by the testimony later presented at trial.

4

127, 130 (4th Cir. 2015) (internal quotation marks omitted). Griffin has not met this exacting burden.

Griffin argues that the Government produced insufficient evidence to identify him as the bank robber because it presented no direct evidence of his involvement in the robbery and the circumstantial evidence did not exclude the reasonable possibility that he was innocently in possession of money at the time of his arrest. More specifically, Griffin insists that the Government's evidence was insufficient because witnesses struggled to identify him as the perpetrator and no expert testimony linked him to the robbery scene. Griffin's arguments ignore the wealth of testimony presented at trial, which—when viewed "in the light most favorable to the Government"—easily supports the jury's verdict. The physical evidence collected during Griffin's arrest and subsequent investigation further supports the jury's determination that Griffin was the individual who robbed the bank. Contrary to Griffin's suggestion, the jury is allowed to "draw upon common experience and to rely upon reasonable intuitions" when drawing conclusions from the evidence with which it is presented. *United States v. Ashley*, 606 F.3d 135, 140 (4th Cir. 2010) ("[Defendant's] argument seems premised on the view that juries cannot draw reasonable inferences, but that is precisely what juries are empanelled to do."). We thus conclude that Griffin's challenge to the sufficiency of evidence identifying him as the bank robber is a far-cry from one "where the prosecution's failure is clear[.]" *See Palomino-Coronado*, 805 F.3d at 130.

We similarly reject Griffin's argument that the Government produced insufficient evidence to establish the intimidation element of 18 U.S.C. § 2113(a). To establish bank

5

robbery under § 2113(a), the Government was required to prove that money was taken "by force and violence, or by intimidation." 18 U.S.C. § 2113(a); *United States v. Ketchum*, 550 F.3d 363, 365 n.1 (4th Cir. 2008). The intimidation element is satisfied, however, if "an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts, whether or not the defendant actually intended the intimidation." *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996) (internal quotation marks omitted). "Under this test, the subjective courageousness or timidity of the victim is irrelevant[.]" *Ketchum*, 550 F.3d at 367 (internal quotation marks omitted).

Contrary to Griffin's argument, "proof of express threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon" are not required to establish the intimidation element. *Id.* (internal quotation marks omitted). Notably, the bar to establishing the intimidation element is not exceedingly high and "generally may be established based on nothing more than a defendant's written or verbal demands to a teller[.]" *Id.* And as Griffin correctly concedes, we have previously determined that the intimidation element will be established when—as happened in this case—an individual reaches toward a bank teller and "vault[s] over the counter at her in the course of a bank robbery." *Woodrup*, 86 F.3d at 364 (holding that such evidence was "more than sufficient to support a finding by the jury that the teller was intimidated because she reasonably could infer a threat of bodily harm").

After reviewing the evidence, we find that the Government presented more than enough evidence to allow the jury to conclude that "an ordinary person in the teller[s'] position[s] reasonably could infer a threat of bodily harm from [Griffin's] acts[.]" *Id.* We

6

thus discern no error in the district court's decision to deny Griffin's motion for judgment of acquittal on this ground.

Based on the foregoing, we deny Griffin's motion to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*